FILED
U.S. District Court
District of Kansas

MAR 3 0 2026

Clerk, U.S. District Court
By _JRoad_____Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                    Case No. 25-10153-JWB

GARRETT GAYOSO,

Defendant.

## PLEA AGREEMENT PURSUANT TO FEDERAL RULE
## OF CRIMINAL PROCEDURE 11(c)(1)(C)

The United States of America, by and through Assistant United States Attorney Molly Gordon, and the defendant, Garret Gayoso, personally and with his counsel, David Freund, hereby enter into the following plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure:

1. **Defendant's Guilty Plea.** The defendant agrees to plead guilty to Count 1 of the Indictment charging a violation of 18 U.S.C. § 2251(a), that is, Production of Child Pornography. By entering into this plea agreement, the defendant admits to knowingly committing the offense, and to being guilty of the offense. The defendant understands that the maximum sentence which may be imposed as to Count 1 of the Indictment to which he has agreed to plead guilty is not more than thirty (30) years nor less than fifteen (15) years of imprisonment, a fine of up to $250,000.00, a term of supervised release of up to life and not less than five (5) years, a $100.00 mandatory special assessment, and an additional assessment of not more than $50,000.00 pursuant to 18 U.S.C. 2259A(a)(3). The defendant further agrees to forfeit property to the United States as well as the entry of a restitution order, as outlined below.

Ver. 03-01-24

2.    **Factual Basis for the Guilty Plea.**  The parties agree the facts constituting the

offense to which the defendant is pleading guilty are as follows:

> Between August 17, 2024, and April 27, 2025, Garret Gayoso exchanged over 25,000 messages with MV1. Contained within those text messages were over 100 images of child sex abuse material.
>
> Gayoso met MV1 online, where she quickly told him she was 16 years old.  Gayoso groomed the child and specifically asked for the production of child pornography. As an example, on or about August 21, 2024, Gayoso wrote "show me all of your body, that way nothing is secret from me." MV1 responded by sending a new photograph of her naked body, exposing her breasts and vagina.
>
> Gayoso was in the District of Kansas when he persuaded and used the minor to create child sex abuse images. Gayoso used his cell phone to communicate with the minor.  Gayoso's cell phone was not manufactured in Kansas and is an instrumentality of commerce.

3.    **Proposed Rule 11(c)(1)(C) Sentence.**  The parties propose, as an appropriate

disposition of the case:

(a)    a sentence of 192-240 months in prison on Count 1;

(b)    the parties agree to argue their respective positions regarding the term of supervised

release, but agree to be bound by the Court's determination within the statutory

range (at least 5 years but up to life);

(c)    no fine;

(d)    the mandatory special assessment of $100.00;

(e)    Restitution; and

(f)    the parties agree to argue their respective positions regarding the assessment in

child pornography cases pursuant to 18 U.S.C. § 2259A(a)(3), but agree to be bound by the Court's

determination within the statutory range (as low as $0.00 and not more than $50,000.00).

2

The parties seek this binding plea agreement as an appropriate disposition of the case, because if the Court permits itself to be bound by the proposed sentence, it brings certainty to the sentencing process; it assures that the defendant and the government will benefit from the bargain they have struck; it serves the interests of justice; and it assures a sentence consistent with the sentencing factors of 18 U.S.C. § 3553(a). It also brings rapid closure for Minor Victim 1. If the Court does not agree with the sentence, the defendant and United States may be restored to the positions they maintained prior to reaching this plea Agreement. This plea agreement centers on the defendant's agreement to enter his guilty plea as soon as the Court's schedule permits, thereby preserving valuable Court, prosecution, defense, United States Probation Office, United States Marshals' Service and other law enforcement resources.

4.    **Application of the Sentencing Guidelines.** The parties are of the belief that the proposed sentence does not offend the advisory sentencing guidelines. Because this proposed sentence is sought pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties are not requesting imposition of an advisory guideline sentence.

5.    **Government's Agreements.** In return for the defendant's plea of guilty as set forth herein, the United States agrees to agrees to not file any additional charges against the defendant arising out of the facts forming the basis for the present Indictment.

6.    **Consequences for Violating the Plea Agreement.** The United States' obligations under this plea agreement are contingent upon the defendant's continuing to manifest an acceptance of responsibility. If the defendant denies or gives conflicting statements as to his involvement, falsely denies or frivolously contests relevant conduct the Court determines to be true, willfully obstructs or impedes the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempts to do so), or has engaged in additional criminal conduct, the United States

3

reserves the right to petition the Court for a hearing to determine if he has breached this plea agreement.

If the Court finds by a preponderance of the evidence that the defendant (1) has breached or violated this plea agreement; (2) has willfully obstructed or impeded the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempted to do so); (3) has engaged in additional criminal conduct; or (4) has otherwise failed to adhere to this plea agreement's terms, this plea agreement will be deemed null and void, and the United States may pursue any additional charges arising from the criminal activity under investigation, as well as any charges for any perjury, false statement, or obstruction of justice that may have occurred.

If the Court finds the defendant has violated this plea agreement, he understands and agrees that all statements he made, any testimony he gave before a grand jury or any tribunal, or any leads from such statements or testimony, shall be admissible against him in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other federal rule that pertains to the admissibility of any statements he made subsequent to this plea agreement.

7.      **Whether to Accept the Proposed Plea Agreement and Sentence is Up to the Court.** The Court has no obligation to accept the proposed plea agreement and sentence. It is solely within the Court's discretion whether to accept the proposed binding plea agreement as an appropriate disposition of the case.

8.      **Withdrawal of Plea Permitted Only if the Court Does Not Accept the Plea Agreement and Proposed Sentence.** If the Court agrees to be bound by the proposed plea agreement and sentence, the parties shall be bound by all the terms of the proposed plea agreement and the defendant will not be permitted to withdraw his guilty plea. If the Court announces that it

4

will NOT be bound by the proposed plea agreement, the parties agree that at that time either party may withdraw the proposed plea agreement, and if either does so, then all parties will be restored to the positions they were in prior to the entry of the defendant's plea. If neither party elects to withdraw the proposed plea agreement at the time the Court announces that it will not be bound, and before the Court proceeds with sentencing, then the parties shall be bound by all the terms of the proposed plea agreement and the defendant will not be permitted to withdraw his guilty plea.

9.      **Forfeiture of Assets.**  The defendant agrees to the forfeiture of the following property to the United States: iPhone 13, IMEI: 358469520129037. The defendant agrees that this property was used or intended to be used to commit or to promote the commission of Count 1. The defendant knowingly and voluntarily waives his right to a jury trial regarding the forfeiture of property, and voluntarily waives all constitutional, legal and equitable defenses regarding the forfeiture of property and withdraws any administrative claim or petition for remission regarding the property. The defendant acknowledges and agrees that the forfeiture of this property shall not be deemed an alteration of his sentence or this agreement, and shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. Additionally, the defendant agrees to the immediate entry of the Preliminary Order of Forfeiture, and agrees to sign any and all documents necessary to effectuate the forfeiture and transfer of his interest and possession of the property identified in this paragraph to the United States prior to the imposition of sentence.

10.      **Identification of Assets and Agreement Concerning Monetary Penalties.**  In order to facilitate the collection of criminal monetary penalties, including restitution, fines, and assessments, to be imposed in connection with this case, defendant agrees as follows:

(a)    Payments toward anticipated criminal monetary penalties made prior to sentencing will be held by the Court Clerk and then applied to the criminal monetary penalties following entry of the Judgment in a Criminal Case. If the amount paid prior to sentencing exceeds the amount ordered at sentencing, the United States Attorney's Office will request language to be included in the Judgment in a Criminal case to authorize the Court Clerk to refund any overpayment to defendant. Payments made prior to sentencing can be sent to the following address and should reference defendant's name and case number:

> Clerk, U.S. District Court
> 401 N. Market, Room 204
> Wichita, Kansas 67202

(b)    Defendant agrees not to encumber, transfer, or dispose of any monies, property, or assets under defendant's custody or control of more than $2,000 in value, without written approval from the United States Attorney's Office.

(c)    Within 30 days of any request by the United States Attorney's Office, defendant agrees to execute a financial statement and provide supporting documentation. Defendant expressly authorizes the United States to obtain a credit report before sentencing. Further, defendant agrees to execute authorizations for the release of all financial information requested by the United States.

(d)    Defendant agrees the United States Attorney's Office may, pursuant to F.R.Civ.P. Rule 45, subpoena any records it deems relevant to conduct a full financial investigation of defendant's assets prior to sentencing.

(e)    Defendant authorizes the United States to file a Notice of Lis Pendens prior to judgment on any real property in which defendant holds an ownership interest.

(f)    Defendant agrees that all information defendant provides to the United States Probation Office or independently obtained by the United States Probation Office may be provided to the United States Attorney's Office. Likewise, all information defendant provides to the United States Attorney's Office or independently obtained by the United States Attorney's Office in the course of its financial investigation of defendant may be provided to the United States Probation Office.

(g)    All monetary penalties (including any fine, restitution, assessment, or forfeiture judgment) imposed by the Court, will be due and payable immediately and subject to immediate enforcement by the United States. Any payment schedule set by the Court is a minimum schedule of payment and not a limitation on the United States to enforce the judgment.

6

(h)  Defendant waives any requirement for demand of payment on any criminal monetary penalties or forfeiture judgment entered by this Court.

(i)  Defendant waives the administrative requirements of the Treasury Offset Program, including the requirement of default.

(j)  If defendant posted funds as security for defendant's appearance in this case, the defendant authorizes the Court to release the funds posted the Court Clerk to be applied to the criminal monetary impositions at the time of sentencing.

(k)  Defendant understands he has an obligation to notify the court and the United States Attorney's Office of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution pursuant to 18 U.S.C. § 3664(k).

(l)  Defendant understands that failure to comply with the provisions of this section may constitute a breach of this plea agreement, as outlined in Paragraph 6, above.

11.  **Payment of Special Assessment.** The defendant understands that a mandatory special assessment of $100.00 per count of conviction will be entered against him at the time of sentencing. The defendant agrees to deliver to the Clerk of the United States District Court payment in the appropriate amount no later than the day of sentencing. The defendant has the burden of establishing an inability to pay the required special assessment. The parties acknowledge that if the Court finds the defendant is without resources to pay the special assessment at the time of sentencing, the Court may allow payment during his period of incarceration.

12.  **Payment of Assessments in Child Pornography Cases.** The defendant understands that, in addition to any other criminal penalty, restitution, or special assessment authorized by law, the Court may impose an additional assessment of not more than $50,000.00 per count for the defendant's conviction under Count(s) pursuant to the AVAA (18 U.S.C. 2259A(a)(1-3)). The defendant also understands that the imposition of an assessment under this section does not relieve him of (nor entitle him to reduce the amount of) any other penalty by the amount of the assessment.

13.    **Restitution.** The defendant acknowledges that his conduct involved the Production of child pornography, for which restitution is authorized and mandated pursuant to 18 U.S.C. § 2259. At this time, no restitution has been requested by the minor or the minor's representatives. The defendant understands and agrees that, if the victim or the victim's representatives submit a request for restitution, he will pay for the full amount of the victim's losses, as contemplated in 18 U.S.C. § 2259(c)(2), as determined by the Court.

14.    **Waiver of Appeal and Collateral Attack.**  The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, his conviction, or the components of the sentence to be imposed herein, including assessments and restitution, as well as the length and conditions of supervised release. The defendant is aware that 18 U.S.C. § 3742 affords him the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed in accordance with the sentence recommended by the parties under Rule 11(c)(1)(C). The defendant also waives any right to challenge his sentence, or the manner in which it was determined, or otherwise attempt to modify or change his sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion brought under Federal Rule of Civil Procedure 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case, except to the extent, if any, the Court imposes a sentence in excess of the sentence recommended by the parties under Rule 11(c)(1)(C). However, if the United States exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received, as authorized by 18 U.S.C. § 3742(a). Notwithstanding the foregoing waivers, the parties understand that the defendant

8

in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

15.     **FOIA and Privacy Act Waiver.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552. The defendant further waives any rights conferred under the Privacy Act of 1974, 5 U.S.C. § 552a, to prevent or object to the disclosure of records or materials pertaining to this case.

16.     **Full Disclosure by United States.** The defendant understands the United States will provide to the Court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning his background, character, and conduct, including the entirety of his criminal activities. The defendant understands these disclosures are not limited to the count to which he is pleading guilty. The United States may respond to comments he or his attorney makes, or to positions he or his attorney takes, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the Court and the United States Probation Office.

17.     **Megan's Law/Adam Walsh Act Notice.** The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the

9

defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. Likewise, the defendant must provide information required by the Sex Offender Registration and Notification Act relating to intended travel in foreign commerce, and must do so prior to engaging in, or attempting to engage in, such international travel in foreign commerce. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

18.    **Parties to the Agreement.**  The defendant understands this plea agreement binds only him and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

19.    **Voluntariness of Guilty Plea.**  The defendant has had sufficient time to discuss this case, the evidence, and this Plea Agreement with his attorney and he is fully satisfied with the advice and representation his attorney provided. Further, the defendant acknowledges that he has read the Plea Agreement, understands it, and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this Plea Agreement supersedes any and all other agreements or negotiations between the parties, and unless subsequently supplemented in writing with the joint approval of the parties, this Plea Agreement embodies each and every term of the agreement between the parties. The defendant acknowledges that he is

10

entering into this Plea Agreement and is pleading guilty because he is guilty. He further acknowledges that he is entering his guilty plea freely, voluntarily, and knowingly.

_____    Date: 3/30/26
Molly Gordon
Assistant United States Attorney

_____    Date: 3/27/26
Katie Andrusak
Assistant United States Attorney
Supervisor

_____    Date: 3/30/26
Ryan Huschka
Criminal Chief

_____    Date: 30 March 2026
Garrett Gayoso
Defendant

_____    Date: 30 March 2026
David Freund
Counsel for defendant

11